# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DENNIS GRIGSBY,

    Petitioner,  :  Case No. 3:19-cv-108

- vs -         District Judge Walter H. Rice
            Magistrate Judge Michael R. Merz

STATE OF OHIO,
             :
    Respondent.

## REPORT AND RECOMMENDATIONS

On April 8, 2019, Petitioner Dennis Grigsby filed in the United States District Court for the Northern District of Illinois the paper that is at ECF No. 1. He directed the Clerk of that Court to docket the paper "as a 2254 motion or a coram nobis if the 'in custody' requirement applies." On April 11, 2019, District Judge Gary Feinerman of that court, interpreting the matter as arising under 28 U.S.C. § 2254, ordered it transferred to this Court as the appropriate venue for habeas corpus cases arising from convictions in Montgomery County, Ohio (ECF No. 3).

Upon transfer the case was randomly assigned to District Judge Walter H. Rice and referred to the undersigned under General Order Day 13-01. The undersigned then entered an Order for Correction and Supplementation of the Record (ECF No. 6) providing in part:

> Petitioner gives the Court no case numbers for the judgments he wants vacated. Apparently Petitioner has access through his current counsel to his criminal record from which he has made references to the convictions. This Court will not engage in investigation to attempt to find the cases Petitioner is referring to. Petitioner is ORDERED to supplement his initial filing by providing this Court forthwith the jurisdictions and dates when the challenged convictions occurred, along with case numbers if they are available.

1

> Failure to provide this supplementation by May 1, 2019, will result
> in dismissal of the case for want of prosecution.

(Order, ECF No. 6, PageID 21).

Grigsby has filed two responses. In a letter filed April 22, 2019 (ECF No. 7), he clarifies that his case is not brought under 28 U.S.C. § 2241, but under "2254 (changed to coram nobis) and permanent injunction." In an April 26, 2019, filing (ECF No. 8), he clarifies that he wants a permanent injunction against the State of Ohio. As to the date and courts of conviction for his coram nobis petition, he asserts he cannot get the case numbers, but "the jurisdictions are Kettering, Ohio, and Centerville, Ohio (which share the same court), Oakwood, Ohio, and Dayton, Ohio (Montgomery County). "I saw a case where you guys have to do the analysis."

## Analysis

This case is not properly brought under 28 U.S.C. § 2254. Habeas corpus under that statute is available only to persons who are presently in custody on a state court judgment in the State including the District Court in which the petitioner is confined. Grigsby is not in custody pursuant to a judgment of any court of the State of Ohio. Instead, he is in custody at the Metropolitan Correctional Center in Chicago.

The writ of coram nobis was abolished by the adoption of the Federal Rules of Civil Procedure in 1938 but resurrected in federal practice by the Supreme Court in 1954 under the All Writs Act, 28 U.S.C. § 1651, in *United States v. Morgan,* 346 U.S. 502(1954). It is available to a petitioner to vacate a federal sentence or conviction only when a motion to vacate under 28 U.S.C. § 2255, the federal equivalent of habeas corpus, is not available to the petitioner, generally because he or she has completely served the sentence and is no longer in custody. *Blanton v. United States,*

94 F.3d 227, 230 (6th Cir. 1996).

Federal courts have no *coram nobis* jurisdiction over state court convictions. *Lowery v. McCaughtry,* 954 F.2d 422 (7th Cir. 1992); *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968); *Benson v. State Board of Parole & Probation*, 384 F.2d 238 (9th Cir. 1967); *Thomas v. Cunningham,* 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962). The reason is the history of the writ. As Judge Easterbrook explained in *Lowery, supra:*

> Coram nobis arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. ... Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.

954 F.2d at 423.

Coram nobis is also not part of the law of Ohio. *Perotti v. Stine*, 113 Ohio St. 3d 312, *citing State v. Perry*, 10 Ohio St. 2d 175 (1967). Thus a person who is a resident of Illinois could not use diversity of citizenship jurisdiction to bring a coram nobis case in an Ohio federal court.

At several points in his papers, Grigsby refers to asking for a permanent injunction against the State of Ohio, although he does not say what he wants Ohio enjoined from doing. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars

actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

The Eleventh Amendment is a jurisdictional bar which federal courts must raise *sua sponte*. *Fairport Int'l Exploration, Inc., v. Shipwrecked Vessel Known as the Captain Lawrence,* 105 F.3d 1078, 1082 (6th Cir. 1997); *Wilson-Jones v. Caviness*, 99 F.3d 203 (6th Cir. 1996). In *Cady v. Arenac County,* 574 F.3d 334 (6th Cir. 2009), the court opined that

> The Sixth Circuit has largely followed the "jurisdictional bar" approach in *Edelman* by holding that a federal court "can raise the question of sovereign immunity *sua sponte* because it implicates important questions of federal-court jurisdiction and federal-state comity." *S&M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008) (citation omitted); see also *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) ("Like subject-matter jurisdiction, a sovereign-immunity defense may be asserted for the first time on appeal, and it may (and should) be raised by federal courts on their own initiative." (citations omitted)); *Mixon v. Ohio,* 193 F.3d 389, 397 (6th Cir. 1999) (stating that a federal court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment" (citation and internal quotation marks omitted)).

Because of the Eleventh Amendment, this Court lacks subject matter jurisdiction over an action to enjoin the State of Ohio.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction. The Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 3, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).